

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

November 7, 1997

The Honorable Steven D. Wolens
Chair, State Affairs Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-455

Re: Whether the City of Houston may participate in the Harris County-Houston Sports Authority (RQ-1015)

Dear Representative Wolens:

You have requested our opinion as to whether the City of Houston may participate in the Harris County-Houston Sports Authority (the "authority") created pursuant to House Bill 92. *See* Act of May 22, 1997, 75th Leg., R.S., ch. 551, 1997 Tex. Sess. Law Serv. 1929. Harris County and the City of Houston established the authority as of September 1, 1997. *See* Attorney General Opinions DM-454 (1997), DM-453 (1997).

Section 7 of House Bill 92 provides, in relevant part:

> Notwithstanding any other provision of Chapter 334 or 335, Local Government Code, as added by this Act, an election to approve a sports and community venue project, to approve a method of financing for the venue project, other than the imposition of a sales and use tax or a facility use tax, or to create a sports and community venue district in a specific county or municipality is not necessary if, at an election held before the effective date of this Act, the voters of that county, or of the county in which the municipality or district is primarily located, authorized the establishment and operation of new or renovated stadiums, arenas, or other facilities for professional sports teams.

Harris County held the election referenced by section 7 on November 5, 1996, and a majority of the voters approved the following ballot proposition:

> Authorizing Harris County to establish and operate new or renovated stadiums, arenas, and other facilities for professional baseball and football teams, provided that no county real or personal property taxes are spent to acquire, construct, or equip these facilities.

Although the overwhelming majority of the geographical area of the City of Houston lies in Harris County, portions of the city extend into Montgomery and Fort Bend Counties. Because the 1996 election was conducted under the terms of a statute which applied only to counties, City of Houston

voters in Montgomery and Fort Bend Counties did not participate. Consequently, you ask whether the City of Houston may participate in and operate the Harris County-Houston Sports Authority "without conducting a city-wide referendum" either "prior to" or "subsequent to the effective date of House Bill 92."

Harris County and the City of Houston established the authority under newly-enacted chapter 335, Local Government Code, which provides for the creation of a sports and community venue district composed of "a county and a municipality." Section 7 authorizes the creation of a venue district under chapter 335 *provided* "the voters . . . of the county in which the municipality or district is *primarily* located" gave their approval. No *municipal* election is required. The voters of Harris County, in which the City of Houston is primarily located, approved the ballot proposition. Thus, *under the terms of section 7, the City of Houston may participate in the authority without conducting a separate election.*

You also express concern that City of Houston voters outside of Harris County have been disenfranchised by the failure of section 7 to permit them to vote on the matter of the City of Houston's inclusion in the authority. As we noted in Opinion DM-453, neither the state nor federal constitutions require an election prior to the imposition of the taxes authorized by House Bill 92. In our opinion, the legislature might reasonably have concluded that an election limited to Harris County was sufficient to authorize the inclusion of the City of Houston in the authority.

## S U M M A R Y

The City of Houston is authorized to participate in the Harris County-Houston Sports Authority (the "authority") created pursuant to House Bill 92, Act of May 22, 1997, 75th Leg., ch. 551, 1997 Tex. Sess. Law Serv. 1929.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General